## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DARRIN BREWER, SR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-CV-0415-CVE-FHM** |
| | ) | |
| **JESSE SUTTER, JR.;** | ) | |
| **ATTORNEY GENERAL OF THE** | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION AND ORDER

This is a habeas corpus action. The Court has determined, see Dkt. # 3, that this matter should be adjudicated as a 28 U.S.C. § 2241 petition for writ of habeas corpus. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 7). Petitioner filed a response (Dkt. # 9) to the motion to dismiss. He also filed a motion to amend petition (Dkt. # 10). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitation period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss should be granted. The petition shall be dismissed with prejudice. Petitioner's motion to amend shall be declared moot.

### BACKGROUND

Petitioner's claims challenge the revocation of his parole entered in Garfield County District Court, Case No. CF-1993-24. In the underlying criminal case, Petitioner was convicted on his plea of *nolo contendere* of Trafficking and sentenced to twenty (20) years imprisonment. See Dkt. # 8, Ex. 1. He was granted parole in December 2004. See Dkt. # 8, Ex. 4. On June 1, 2005, a Parole Revocation Warrant was issued by the Oklahoma Department of Corrections ("DOC"). See Dkt. #

8, Ex. 2, attached "Warrant." At the conclusion of a probable cause hearing, held June 17, 2005, it was determined that probable cause to revoke parole existed. <u>See</u> Dkt. # 8, Ex. 2, attached affidavit of Cary Pirrong. At the request of Petitioner, an Executive Revocation Hearing was held on October 12, 2005. <u>Id.</u> At that hearing testimony was taken from the DOC as well as from Petitioner. <u>Id.</u> The record reflects that Brad Henry, Governor of the State of Oklahoma, formally revoked Petitioner's parole on December 19, 2005. <u>See</u> Dkt. # 8, Ex. 2, attached copy of "Certificate of Parole Revocation." The revocation of parole was based on Petitioner's participation "in a money laundering scheme in place at the Lawton Correctional Facility." <u>Id.</u>

The docket sheet for Garfield County District Court, Case No. CF-1993-24, <u>see</u> Dkt. # 8, Ex. 1, indicates that Petitioner filed numerous applications for post-conviction relief challenging the parole revocation. Petitioner contends that "the charges they used were bogus." <u>See</u> Dkt. # 8, Ex. 2, attached Affidavit of Cary Pirrong bearing handwritten notation. Petitioner filed his first application challenging the parole revocation on October 12, 2005. On January 30, 2006, the district court dismissed Petitioner's claims as premature because, when Petitioner filed the application, the governor had not yet revoked Petitioner's parole. <u>See</u> Dkt. # 8, Ex. 2, attached order. Petitioner did not appeal that ruling.

On August 21, 2006, Petitioner filed a second post-conviction application seeking relief from the parole revocation. Dkt. # 8, Ex. 2. The district court denied that application by order filed November 17, 2006. Dkt. # 8, Ex. 3. Again, Petitioner did not appeal the district court's ruling.

On January 5, 2007, Petitioner filed a third post-conviction application. <u>See</u> Dkt. # 8, Ex. 1. The district court denied the application on January 10, 2007. Petitioner did not file a notice of intent to appeal within thirty (30) days as required by state law. However, on March 12, 2007,

Petitioner filed a notice of intent to appeal out of time in Garfield County District Court.  See www.oscn.net. On May 25, 2007, Petitioner filed a notice of intent to appeal out of time in the OCCA.  By order filed June 20, 2007, in No. PC-2007-536, the state appellate court denied the request as untimely.  See www.oscn.net.

The Court takes judicial notice that on January 23, 2007, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in this federal district court, N.D. Okla. Case No. 07-CV-053-TCK. On September 19, 2007, that action was dismissed without prejudice on Petitioner's motion for failure to exhaust state remedies.

On July 17, 2007, Petitioner filed an application for a post-conviction appeal out of time in Garfield County District Court.  By order filed July 18, 2007, the district court recommended that Petitioner's request be granted.  See www.oscn.net. On October 10, 2007, in PC-2007-794, Petitioner was granted a post-conviction appeal out of time. On February 8, 2008, in PC-2007-1071, the OCCA affirmed the district court's orders, entered November 13, 2006 and January 10, 2007, denying post-conviction relief. Dkt. # 8, Ex. 4.

On March 3, 2008, March 11, 2008, and May 7, 2008, Petitioner filed additional applications for post-conviction relief. Those applications were denied on April 2, 2008, and May 8, 2008. Petitioner appealed. On July 11, 2008, in Nos. PC-2008-365 and PC-2008-480, the OCCA affirmed the district court's denial of Petitioner's applications for post-conviction relief. See www.oscn.net.

Petitioner filed the instant federal habeas corpus petition on July 18, 2008 (Dkt. # 1).  He raises the following grounds of error:

Ground 1:   The petitioner could not have raised these illegal parole revocation issues in his post conviction application filed on October 12, 2005 due to the petitioner was still under investigation of the Oklahoma multi-county grand jury and he had not received his parole revocation hearing. Because of such, the petitioner was deprived of relevant evidence to support his allegations on October 12, 2005 through no fault of his own.

3

Ground 2:    The petitioner's U.S. Constitutional rights under the 5th and 14th Amendments were violated when the State denied him due process of law by not presenting the petitioner with a correct "written notice" and "sufficient evidence/testimony" of the parole violation that was being sought by the Attorney General and the grand jury. The State's violation was conducted upon mere accusations and false testimony before the completion of the grand jury's indictment.

Ground 3:    Petitioner's conviction in Oklahoma County District Court Case No. CF-2006-717 was not sufficient to revoke Petitioner's parole.

Ground 4:    The Department of Corrections based its parole violation upon hearsay evidence.

Ground 5:    The evidence was insufficient to justify the revocation of the petitioner's parole.

(Dkt. # 2). As stated above, Respondent has responded to the petition, arguing that it is untimely.

See Dkt. ## 7, 8. Petitioner filed a response (Dkt. # 9) to the motion to dismiss and a motion to amend (Dkt. # 10), seeking leave to add a sixth ground of error to the petition.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitation period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In this case, the limitation period began to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. § 2244(d)(1)(D).  Also, the limitation period was tolled or suspended during the pendency of a state application for post-conviction relief or other collateral review properly filed during the limitation period.  § 2244(d)(2).

Application of the provisions of § 2244(d) to this case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitation period. The latest date on which the factual predicate of Petitioner's claims could have been discovered through the exercise of due diligence was December 19, 2005, when Governor Henry signed the Certificate of Parole Revocation. As a result, under § 2244(d)(1)(D), Petitioner had one (1) year from December 19, 2005, or until December 19, 2006, to file a federal petition for writ of habeas corpus. Clearly, in the absence of a tolling event, the instant petition, filed July 18, 2008, is untimely.

As indicated above, the running of the limitation period was tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent claim properly filed during the one-year period. 28 U.S.C. § 2244(d)(2). Petitioner did seek post-conviction relief challenging the parole revocation.  Of his numerous applications, however, only two (2) were "properly filed" during the relevant period. Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (finding that requirements for a "properly filed" application may include: (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the

5

obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) (finding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). Petitioner filed his first application challenging the basis for revoking his parole on October 12, 2005, or before his parole was formally revoked by Governor Henry. As a result, the state district court dismissed that application without prejudice because it was premature as to parole revocation issues. See Okla. Stat. tit. 22, § 1086(e) (a post-conviction applicant may claim that his parole has been unlawfully revoked). Because Petitioner's parole had not yet been revoked when he filed his application on October 12, 2005, the application was not "properly filed" and did not toll the limitations period under § 2244(d)(2).

Petitioner's second application was "properly filed" on August 21, 2006, during the one-year period. The state district court denied the application 116 days later, on November 17, 2006. Although Petitioner did not appeal the district court's ruling, his limitations clock did not restart until after expiration of the 30 day time period for filing an appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that an application is "pending" during the statutory grace period for filing an appeal, even if the petitioner fails to appeal during this period). As a result, Petitioner is entitled to a total of 146 days of tolling for the time his second application for post-conviction relief was pending. His federal habeas deadline was extended 146 days beyond December 19, 2006, or until May 14, 2007.

On January 5, 2007, or prior to that deadline, Petitioner filed his third application for post-conviction relief raising issues related to the revocation of his parole.  The state district court denied the third application 5 days later, on January 10, 2007.  Although Petitioner did not timely appeal the district court's ruling, his limitations clock did not restart until after expiration of the 30 day time period for filing an appeal. Gibson, 232 F.3d at 804.  As a result, Petitioner is entitled to a total of 35 days of tolling for the time his third application for post-conviction relief was pending.  His federal habeas deadline was extended 35 days beyond May 14, 2007, or to June 18, 2007.

On May 25, 2007, Petitioner filed a notice of intent to appeal out of time. That attempted appeal was ultimately dismissed, on June 20, 2007, by the OCCA as untimely.  As a result, the attempted appeal was not "properly filed," and does not serve to toll the limitations period.  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); Hoggro v. Boone, 150 F.3d 1223, 1227 n. 5 (10th Cir. 1998) (holding that untimely appeals are not considered properly filed).

Petitioner's remaining applications for post-conviction relief, filed July 17, 2007, March 3, 2008, March 11, 2008, and May 7, 2008, were all filed after the federal limitations period had already expired on June 18, 2007.  A collateral petition filed in state court after the limitation period has expired no longer serves to toll the statute of limitation.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceedings filed by Petitioner after June 18, 2007, did not toll the limitations period in this case.

The Court also notes that although Petitioner was ultimately granted a post-conviction appeal out of time, he is not entitled to tolling for the entire period between his initial filings and the OCCA's final denial. Gibson, 232 F.3d at 804 (stating that "the state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court").

7

In addition, the limitations period was not tolled under § 2244(d)(2) during the pendency of Petitioner's first federal habeas corpus action, N.D. Okla. Case No. 07-CV-053-TCK, filed prior to exhaustion of state remedies.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

In response to the motion to dismiss, Petitioner asserts that he is "totally innocent" of the alleged "money laundering violation" used as the basis for revoking his parole.  For that reason, he argues that he is entitled to equitable tolling of the one-year limitations period. To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). A claim of actual innocence may warrant equitable tolling, see Gibson, 232 F.3d at 808, although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id.

The record demonstrates that Petitioner has diligently sought relief from the revocation of his parole.  However, he has failed to demonstrate that his inability to file his federal habeas petition within the limitations period was due to extraordinary circumstances beyond his control.  The Court further finds that Petitioner's claim that he is "totally innocent" is unavailing. Petitioner has provided a copy of a fifteen (15) count Indictment filed February 3, 2006, in Oklahoma County District Court, Case No. CF-2006-717, charging him and four (4) others with, inter alia, Unlawfully Concealing/Use of Proceeds Derived from Illegal Drug Activity in violation of Okla. Stat. tit. 63,

8

§ 2-503.1, and Racketeering, in violation of Okla. Stat. tit. 22, § 1403(A). See Dkt. # 9, attached

"Indictment." Beside the list of charges is a handwritten notation "no money laundering charge."

Id. Apparently, Petitioner believes that since the words "money laundering" are not included in the

list of charges, he is "totally innocent" of the offense providing the basis for the revocation of his

parole.  Petitioner fails to appreciate, however, that Okla. Stat. tit. 63, § 2-503.1 is Oklahoma's

"money laundering" statute.  See United States v. Santos, --- U.S. ---, 128 S.Ct. 2020, 2025 n.2

(2008) (compiling list of state "money-laundering" statutes, including Okla. Stat. tit. 63, § 2-503.1,

using the term "proceeds" without providing a definition). Petitioner's claim of innocence is

completely without merit.  At best, Petitioner claims "legal innocence," insufficient to justify

equitable tolling.

The Court concludes that Respondent's motion to dismiss should be granted and the petition

should be dismissed with prejudice as time barred.  Petitioner's motion to amend the petition to add

a sixth ground of error arising from his parole revocation shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.     Respondent's motion to dismiss the petition for writ of habeas corpus as barred by the statute

of limitations (Dkt. # 7) is **granted**.

2.     The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3.     Petitioner's motion to amend (Dkt. # 10) is **declared moot**.

4.     A separate judgment shall be entered in this matter.

**DATED** this 5th day of January, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT